**UNITED STATES of America,**
**Appellee,**

v.

**Henry ANATI, Defendant–Appellant.**

**Docket No. 05–3800–cr.**

United States Court of Appeals,
Second Circuit.

Argued: May 3, 2006.

Decided: July 20, 2006.

---

Yuanchung Lee, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

David C. James, Asst. U.S. Atty., Brooklyn, N.Y. (Roslynn R. Mauskopf, U.S. Atty., Amy Busa, Asst. U.S. Atty., Brooklyn, NY, on the brief), for Appellee.

Before MESKILL, NEWMAN, and B.D.PARKER, Circuit Judges.

NEWMAN, Circuit Judge.

The principal issue on this appeal is whether a district judge must provide a defendant with notice of intent to use the discretionary authority provided by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to impose, *sua sponte*, a non-Guidelines sentence and afford the defendant an opportunity to challenge the grounds for such a sentence. Henry Anati appeals from the July 12, 2005, judgment of the District Court for the Eastern District of New York (Sandra L. Townes, District Judge), sentencing him primarily to 60 months' imprisonment for a narcotics offense. We conclude that such notice and opportunity to challenge the grounds for a non-Guidelines sentence adverse to the defendant must be given. We therefore remand for resentencing.

## Background

Anati swallowed packets containing heroin before leaving Ghana for the United States. Upon his arrival he admitted his conduct to customs officials. In February 2005, Anati pled guilty to importing 100 grams or more of heroin, in violation of 21 U.S.C. §§ 952(a), 960(b)(2)(A). The presentence report ("PSR"), reflecting subsequent laboratory tests, reported that the packets contained 671.5 grams of heroin, yielding a base offense level of 28 under the Sentencing Guidelines. *See* U.S.S.G.

§ 2D1.1(c)(6). The PSR calculated a Guidelines range of 37 to 46 months, which the Government accepted.

Anati sought a sentence below the applicable Guidelines range, contending that his fragile health and family circumstances warranted either a downward departure or a discretionary non-Guidelines sentence based on factors listed in 18 U.S.C. § 3553(a). The District Judge accepted the PSR Guidelines calculation and declined Anati's request for a sentence "below the guideline range." Judge Townes referred specifically to "the deleterious impact of heroin in our communities which, in my opinion, is even more serious than cocaine." Immediately thereafter the Judge stated that "this crime is so serious" as to warrant a sentence "above the guideline range." Judge Townes referred to several section 3553(a) factors including "the nature and seriousness of the offense," "the history and character of the defendant," and "the need for punishment and deterrence". The District Judge sentenced Anati to 60 months' imprisonment, three years supervised release, and a $100 special assessment.

Defense counsel sought a "brief adjournment to respond," pointing out that under the prior regime of mandatory Guidelines a defendant was entitled to notice of a court's intention to make an upward departure *sua sponte*. The Court rejected the request, noting that the Guidelines "are not mandatory." The Statement of Reasons appended to the written judgment states that the sentence "is viewed as sufficient to meet the requirements of punishment and deterrence."

## Discussion

The requirements for notice of a judge's intentions prior to imposition of sentence have evolved from a combination of rule-making, legislation, and case law. Prior to enactment of the Sentencing Reform Act of 1984 ("SRA"), the Federal Rules of Criminal Procedure provided that "[b]efore imposing sentence the court shall ... afford counsel an opportunity to speak on behalf of the defendant," and afford the defendant an opportunity "to make a statement" and "to present any information in mitigation of punishment," Fed.R.Crim.P. 32(a)(1)(B), (C), *reprinted at* 18 U.S.C.A. Fed.R.Crim.P. 32 (Rule Applicable to Offenses Committed Prior to Nov. 1, 1987). In 1984, the SRA amended Rule 32(a)(1) to require the sentencing court to afford counsel for both sides "an opportunity to comment on the probation officer's determination [in the presentence report] and on other matters relating to the appropriate sentence." Pub.L. No. 98–473, § 215, 98 Stat.2014 (1984).

In 1991, the Supreme Court ruled that the new requirement of counsels' opportunity to " 'comment' " on " 'matters relating to the appropriate sentence' " implicitly required advance notice of the grounds for a *sua sponte* upward or downward departure under the then mandatory Sentencing Guidelines. *See Burns v. United States,* 501 U.S. 129, 135, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) (quoting Fed.R.Crim.P. 32(a)). The Court rested its holding on "Rule 32's purpose of promoting focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences." *Id.* at 137, 111 S.Ct. 2182; *see also id.* at 134, 135, 111 S.Ct. 2182. In 2002, Rule 32 was amended by the addition of a new subsection (h) to codify the Court's holding in *Burns:*

Before the court may depart from the applicable sentencing range on a ground

not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure. Fed.R.Crim.P. 32(h); *see* 18 U.S.C.A. Fed. R.Crim.P. 32, Advisory Committee Notes (2002 Amendments). At the same time, the language of the former Rule 32(a)(1) requiring the court to afford the parties an opportunity to "comment" on "matters relating to an appropriate sentence" was redesignated as Rule 32(i)(1)(C).

 Anati asks us to construe either Rule 32(h) or Rule 32(i)(1)(C) to require notice of a sentencing judge's intent *sua sponte* to impose a non-Guidelines sentence. He contends that Rule 32(i)(1)(C)'s requirement of an opportunity to "comment" on "matters relating to an appropriate sentence" should be interpreted to include reacting to the prospect of a non-Guidelines sentence not previously recommended by the PSR or the Government or, alternatively, that Rule 32(h)'s requirement of notice of intent to impose a Guidelines departure should be interpreted to apply to intent to impose *sua sponte* a non-Guidelines sentence.[1]

Since *Booker* rendered the Guidelines advisory, no court appears to have considered whether Rule 32(i)(C)(1)'s requirement of opportunity to comment on appropriate sentencing matters applies to a sentencing judge's intent *sua sponte* to impose a non-Guidelines sentence, and the circuits are divided as to whether Rule 32(h) should apply to non-Guidelines sen-

tences. The Fourth and Ninth Circuits have ruled that Rule 32(h) applies to non-Guidelines sentences as well as departures. *See United States v. Davenport,* 445 F.3d 366, 371 (4th Cir.2006); *United States v. Evans–Martinez,* 448 F.3d 1163, 1167 (9th Cir.2006). The Third, Seventh, and Eighth Circuits have held the opposite. *See United States v. Vampire Nation,* 451 F.3d 189, 195–98 (3rd Cir.2006); *United States v. Walker,* 447 F.3d 999, 1006–07 (7th Cir.2006); *United States v. Egenberger,* 424 F.3d 803, 805 (8th Cir. 2005). The First and Eleventh Circuits have held only that the failure to provide notice does not constitute plain error. *United States v. Mateo,* 2006 WL 1195676, at *1 (1st Cir. May 5, 2006); *United States v. Simmerer,* 156 Fed.Appx. 124, 128 (11th Cir.2005).

We think the same reasoning that persuaded the Supreme Court to apply the comment opportunity in what is now Rule 32(i)(1)(C) to *sua sponte* departures under the mandatory Guidelines regime leads to a requirement that a similar opportunity must be provided counsel to comment on a sentencing judge's intent to impose a non-Guidelines sentence under the advisory Guidelines regime. It is true that prior to the Guidelines regime there was no requirement that a district judge alert counsel to all the considerations the judge had in mind concerning a sentence to be imposed, although an opportunity to contest disputed facts was required. *See United States v. Fatico,* 579 F.2d 707 (2d Cir. 1978). Nevertheless, there is a significant similarity between an intent to depart and an intent to impose a non-Guidelines sentence. Both forms of sentencing start

---

1. Prior to oral argument, the Government indicated its agreement with Anati's position that the District Court was required to give notice prior to imposing a non-Guidelines sentence. It further conceded that, in the circumstances of this case, "the failure to give

such notice was not harmless and that therefore ... the case should be remanded to the District Court for resentencing." Letter from Asst. U.S. Atty. David C. James to Roseann B. MacKechnie (April 12, 2006).

with a calculated Guidelines range. *See* 18 U.S.C. § 3553(a)(4); *United States v. Crosby*, 397 F.3d 103, 111–12 (2d Cir.2005). A departure results from a circumscribed opportunity to sentence above or below that range based on specific considerations. *See* 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0–.23; *see also id.* § 4A1.3. A non-Guidelines sentence results from a somewhat broader opportunity to sentence above or below that range based on a consideration of the factors outlined in section 3553(a). *See Crosby*, 397 F.3d at 112–13. The existence of the calculated Guidelines range as the starting point for either type of sentence makes the *Burns* rationale as appropriate for a non-Guidelines sentence as for a departure.

Our view is reinforced by the rule-makers' decision to codify *Burns* in Rule 32(h),[2] whether or not that provision can be specifically applied to non-Guidelines sentences. Courts rejecting the application of Rule 32(h) to non-Guidelines sentences contend that "[b]ecause defendants are aware that district courts will consider the factors set forth in § 3553(a), ... the element of 'unfair surprise' that *Burns* sought to eliminate is not present." *Vampire Nation*, 451 F.3d at 196; *see also Walker*, 447 F.3d at 1007. We disagree. In *Burns*, the Supreme Court was concerned not only with unfair surprise, but with the facilitation, through notice, of adversarial testing of factual and legal considerations relevant to sentencing. See 501 U.S. at 134, 135, 137, 111 S.Ct. 2182. Notice permits the parties to focus their attention on the considerations upon which the resulting sentence will rest. See *Evans–Martinez*, 448 F.3d at 1167. Although the Court's obligation to consider

section 3553(a) factors is known in advance of sentencing, application of those factors turns on relevant facts, some of which might be in the Court's mind but not previously disclosed. If the court applies the section 3553(a) factors based on facts not in the record to impose *sua sponte* a non-Guidelines sentence, the adversarial testing required by *Burns* will not have occurred.

Because the District Judge did not give notice of her intention to impose *sua sponte* an enhanced non-Guidelines sentence or the grounds for such a sentence, we will remand for resentencing. Although we do not at this time assess the reasonableness of the sentence or the appropriateness of the Judge's reliance on her view that "the deleterious impact of heroin in our communities ... is even more serious than cocaine," we outline some considerations that the Judge might wish to consider in connection with resentencing.

The extent to which a sentencing judge may impose a non-Guidelines sentence based on the judge's view of the relative seriousness of the offense compared to other offenses poses a troublesome issue. On the one hand, section 3553(a) specifically lists "the need for the sentence imposed ... to reflect the seriousness of the offense" as one of the factors the judge shall consider. *See* 18 U.S.C. § 3553(a)(2)(A). On the other hand, according a judge wide-ranging discretion to impose an enhanced non-Guidelines sentence because of a personal view that the Sentencing Commission has undervalued the seriousness of the offense risks a major inroad on the judge's obligation to consider the applica-

---

**2.** **"Notice of Possible Departure from Sentencing Guidelines.** Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure." Fed.R.Crim.P. 32(h).

ble guideline, as required by section 3553(a)(4), and also risks creating the sort of unwarranted disparity among defendants that the Guidelines attempt to minimize.

Perhaps the tension between these considerations can be adjusted by restricting the judge's discretion to act on the basis of a personal view as to the seriousness of the type of offense the defendant has committed while permitting some discretion to enhance (or mitigate) because of the particular circumstances of a defendant's criminal conduct. Thus, it would be doubtful if a judge could enhance because of a personal view as to how much more serious the category of heroin offenses is than the category of cocaine offenses, a view that would ignore the Commission's precisely calibrated assessment that offenses involving more than 100 grams of heroin and more than 100 grams of cocaine merit offense levels of 26 and 18, respectively. *See* U.S.S.G. §§ 2D1.1(c)(7), (11). *Cf. United States v. Pho*, 433 F.3d 53, 62 (1st Cir.2006) (finding that a district court's "categorical, policy-based rejection of the 100:1 ratio" between the weight basis for penalties for crack cocaine and powdered cocaine was an impermissible policy judgment); *United States v. Eura*, 440 F.3d 625, 633 (4th Cir.2006) (same). But perhaps a judge may consider that the particular circumstances under which the defendant commits a heroin offense deserve an enhanced sentence, and perhaps the special impact of the offense in a particular geographic community would be a relevant circumstance. Of course, to the extent that such particular circumstances might be relevant, there might have to be some empirical basis for deeming the impact of a heroin offense in a particular community more serious than the assessment made by the Sentencing Commission.

The prior notice we require, in light of *Burns* and Rule 32(i)(1)(C), will facilitate a defendant's opportunity to contest the factual premises of the sentencing judge's view. This will be especially important in cases like the pending one in which neither the PSR nor any submission by the Government alleged that the incremental seriousness of heroin offenses compared to cocaine offenses in the relevant community is even greater than the Commission has indicated for the nation generally. We make no definitive ruling on the course of proceedings on remand, other than the requirement of notice, but outline the relevant considerations for such assistance as the District Court may gain from them.

■ Although we remand for resentencing, we deny Anati's request for reassignment to a different judge. *Cf. United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977) (in banc). We have no reason to question the District Judge's ability to resentence fairly upon remand.

### Conclusion

The case is remanded with directions to vacate the sentence and resentence consistent with this opinion. The Government's motion to remand for resentencing is denied as moot.