**UNITED STATES of America,**
**Appellee,**

v.

**Timothy FRENCHIE, also known as**
**Timothy Neal, also known as Timo-**
**thy Frenchy, Defendant–Appellant.**

**No. 05–5160–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 1, 2006.

Yuanchung Lee, Federal Defenders of
New York, Inc., New York, NY, for Defen-
dant–Appellant.

Maria E. Douvas, Assistant United
States Attorney (Michael J. Garcia, United
States Attorney, Celeste L. Koeleveld, As-
sistant United States Attorney on the
brief), United States Attorney's Office for
the Southern District of New York, New
York, NY, for Appellee.

PRESENT: JON O. NEWMAN, JOSÉ
A. CABRANES, ROSEMARY S.
POOLER, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Timothy Frenchie
appeals from a September 26, 2005 judg-
ment entered by the District Court con-
victing Frenchie, pursuant to his plea of
guilty, of two counts of being a felon in
possession of a firearm in violation of 18
U.S.C. § 922(g) and sentencing Frenchie
principally to 33 months of imprisonment.

We assume the parties' familiarity with
the underlying facts and procedural histo-
ry.

The District Court found that the proper
sentencing range pursuant to the United
States Sentencing Guidelines ("U.S.S.G."
or "Guidelines") spanned from 12 to 18
months of imprisonment.[1] At the sentenc-

---

1. We intimate no view concerning the District
Court's determination of the correct Guide-

lines range, which neither party challenges on
appeal, and make no conclusions concerning

ing hearing, the District Court then announced its intention to impose a non-Guidelines sentence as envisaged by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Finding that Frenchie constituted a danger to the public, the District Court sentenced him principally to 33 months of imprisonment. The District Court had not notified Frenchie prior to the sentencing hearing that it was considering imposing a sentence above the applicable Guidelines range, nor had any submission of the prosecution explicitly requested a sentence above the Guidelines range.

Frenchie challenges his sentence on the ground that the District Court erred in not providing him with prior notice of its intention to impose a non-Guidelines sentence above the applicable Guidelines range. He relies primarily on Federal Rule of Criminal Procedure 32(h), which requires advance notice before a sentencing judge may impose an upward departure under the Guidelines, and Rule 32(i)(1)(C), which requires that a sentencing judge "allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence."

In a recent case in which a defendant challenged his sentence on grounds similar to those raised by Frenchie, we held that a sentencing judge must provide advance notice to a defendant before imposing a sentence above the Guidelines range, regardless of whether the sentence is a "non-Guidelines" sentence or a "Guidelines sentence" incorporating an upward departure. *See United States v. Anati,* 457 F.3d 233 (2d Cir.2006); *see also Burns v. United States,* 501 U.S. 129, 135, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). *Anati,* which was

the applicability of U.S.S.G. § 2K2.1 to Frenchie's New York State Youthful Offender Ad-

decided ten months after the District Court imposed Frenchie's sentence, requires a remand in this case.

For the foregoing reasons, the case is **REMANDED** with directions to vacate the sentence and resentence in light of *Anati.*

judication for robbery.