**UNITED STATES of America,**
**Appellee,**

v.

**Gregory GILMORE, Defendant–**
**Appellant.**

**Docket No. 05–6195–cr.**

United States Court of Appeals,
Second Circuit.

Argued: Nov. 2, 2006.

Decided: Dec. 8, 2006.

Barry D. Leiwant, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

Sean P. Casey, Assistant United States Attorney (Alyssa A. Qualls, Assistant United States Attorney, on the brief) for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, New York, NY, for Appellee.

Before: MINER, POOLER, and KATZMANN, Circuit Judges.

PER CURIAM:

Gregory Gilmore appeals a judgment of the District Court for the Eastern District of New York (Glasser, *J.*) imposing a term of imprisonment above the advisory Guidelines range. The district court imposed this non-Guidelines sentence without notice to the defendant of its intent to do so. In *United States v. Anati*, 457 F.3d 233, 236–37 (2d Cir.2006), we held that such notice is required by Federal Rule of Criminal Procedure Rule 32(i)(1)(C). We now hold that it is plain error to not provide the required notice. We therefore vacate the sentence and remand for resentencing.

I.

On May 27, 2005, Gilmore pled guilty pursuant to a plea agreement to a single count of producing child pornography of a child under his custody or control in violation of 18 U.S.C. § 2251(b). Section 2251 requires that any first-time offender convicted under that statute be sentenced to a term of imprisonment of not less than 15 years and not more than 30 years. 18 U.S.C. § 2251(e). Notwithstanding this

statutory minimum, the United States Probation Department calculated Gilmore's advisory Guidelines range as 97 to 121 months' imprisonment in its presentence report to the district court.[1] Neither party disputes the accuracy of this calculation.

Gilmore was sentenced on October 25, 2005. After hearing from the parties and the mother of the victim, the district court sentenced him to, *inter alia,* the maximum allowable custodial sentence, 30 years in prison.

## II.

 Gilmore argues on appeal that the district court erred by not providing him with notice of its intention to impose a non-Guidelines sentence. Because he did not raise this objection before the district court, we review for "plain error." *See* Fed.R.Crim.P. 52(b). Under the traditional plain error standard, there must be (1) error, (2) that is plain, and (3) that affects the defendant's substantial rights. *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks omitted). If all three conditions are met, we may exercise our discretion to notice the error, provided that (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* We have found, though, that "there are circumstances that permit us to relax the otherwise rigorous standards of plain error review to correct sentencing errors." *United States v. Sofsky,* 287 F.3d 122, 125 (2d Cir.2002). While it appears that those circumstances

are present here, *see id.* (applying the relaxed standard "because the alleged error relates only to sentencing and because [the defendant] lacked prior notice"), we need not decide the precise standard of review, as remand is necessary even under the more stringent standard. *See United States v. Lewis,* 424 F.3d 239, 243 (2d Cir.2005).[2]

In *United States v. Anati,* 457 F.3d 233 (2d Cir.2006), we held that Federal Rule of Criminal Procedure 32(i)(1)(C) requires a district court to provide a defendant with notice of its intent to impose an adverse non-Guidelines sentence and an opportunity to challenge the grounds for such a sentence. It was therefore error for the district court to not do so in this case. This error was plain, moreover, because our holding in *Anati* was clear. *See United States v. Thomas,* 274 F.3d 655, 667 (2d Cir.2001) (en banc) ("An error is 'plain' if it is 'clear' or 'obvious' at the time of appellate consideration.").

As for the effect on his substantial rights, Gilmore was sentenced to a term of imprisonment fifteen years longer than the statutory minimum and twenty years longer than the top of the applicable Guidelines range. He has identified on appeal several arguments he could have made to challenge the district court's decision to impose a dramatically more severe non-Guidelines sentence had notice been provided. While we offer no assessment of these arguments here, we conclude that without notice by the district court of its intention to impose such a sentence, Gil-

---

**1.** In the plea agreement, the government had estimated that the applicable Guidelines sentence would be the full 360 months authorized by statute. This estimate resulted from the government's application of the 2004 edition of the United States Sentencing Guidelines Manual to Gilmore's offense conduct, which the government now concedes was erroneous. Perhaps owing to its initial mistake, the government has declined to enforce Gilmore's waiver of his right to appeal any sentence under 360 months.

**2.** The government conceded at oral argument that, if *Sofsky* applied, the district court's error was plain and that remand was appropriate.

more was deprived of a meaningful opportunity to challenge the grounds identified by the district court to justify its decision. *See Burns v. United States,* 501 U.S. 129, 136, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) ("The right to be heard has little reality or worth unless one is informed that a decision is contemplated." (internal quotation marks omitted)). In these circumstances, the prejudicial effect on Gilmore's substantial rights is manifest. *See United States v. Carter,* 203 F.3d 187, 190 (2d Cir.2000) (" '[A]dequate notice and the opportunity to contest an upward departure ... are indispensable to sentencing uniformity and fairness.' ") (quoting *United States v. Palta,* 880 F.2d 636, 640 (2d Cir.1989) (omission in original)); *see also United States v. Rivera,* 192 F.3d 81, 88 (2d Cir.1999) (noting that the failure to give notice of an upward departure within the Guidelines is not harmless if "the defendant can specify arguments he would have made that the district court did not consider").

■ Having found these conditions satisfied, we exercise our discretion to notice the district court's plain error because, by not providing the required notice, the fairness, integrity, or public reputation of the sentencing proceeding was seriously affected. As we observed in *Anati,* notice of an intention to impose a non-Guidelines sentence not only prevents unfair surprise to the defendant but also facilitates the "adversarial testing of factual and legal considerations relevant to sentencing." *Anati,* 457 F.3d at 237. Absent notice and the meaningful opportunity to be heard that it provides, we cannot be confident that the issues that affected sentencing were as thoroughly tested as Rule 32 intends. *Id.; see also Burns v. United States,* 501 U.S. 129, 137, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991) (noting "Rule 32's purpose of promoting focused, adversarial resolution of the legal and factual issues

relevant to fixing Guidelines sentences" and that failure to provide notice might mean that "a critical sentencing determination will go untested by the adversarial process contemplated by Rule 32 and the Guidelines"). A remand for resentencing is necessary to resolve that uncertainty.

### III.

In view of the foregoing, the sentence is **VACATED** and the case **REMANDED** to the district court for resentencing.