UNITED STATES of America,
Appellee,

v.

Keith JONES, Defendant–Appellant.

No. 05–5312–cr.

United States Court of Appeals,
Second Circuit.

Dec. 12, 2006.

Jeremy F. Orden (Bernard V. Kleinman, on the brief), New York, New York, for Appellant.

Jaikumar Ramaswamy, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York, for Appellee.

PRESENT: Honorable RALPH K. WINTER, Honorable JOSÉ A. CABRANES, Honorable REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Keith Jones appeals from a judgment of conviction entered on his guilty plea to unlawful possession of ammunition after previous conviction for a felony crime. *See* 18 U.S.C. § 922(g)(1). Specifically, Jones challenges his 77–month prison sentence, which represents the low end of the 77–to–96 month Sentencing Guidelines range determined on the basis of an adjusted offense level of 21 and a criminal history category of VI.[1] Jones submits that the district court erred in (1) effectively treating the Guidelines as mandatory by concluding that it was not empowered to impose a non-Guidelines sentence based on a judicial finding that ammunition possession by a convicted felon was, by its nature, a less serious offense than firearm possession; and (2) failing to recognize that category VI overstated the seriousness of his prior criminal record.

In the aftermath of *United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review challenged sentences only for "unreasonableness," a concept that embodies both the term of the sentence and the procedures employed in fixing it, *see United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006); *accord United States v. Rattoballi*, 452 F.3d 127, 131–32 (2d Cir.2006); *United States v. Florez*, 447 F.3d 145, 157 (2d Cir.2006). In so doing, we do not "substitut[e] . . . our judgment for that of the sentencing judge." *United States v. Fernandez*, 443 F.3d at 27. "Rather, the standard of our review is more akin to abuse of discretion." *United States v. Florez*, 447 F.3d at 158 (internal quotation marks omitted). In applying this standard of review to this case, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. *The District Court Did Not Treat the Guidelines as Mandatory*

Jones submits that his sentence is procedurally unreasonable because the district court erroneously interpreted this court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), to make the Guidelines mandatory. Alternatively, he contends that the district court procedurally erred in concluding that the non-Guidelines factors identified in 18 U.S.C. § 3553(a) had to cut "very strongly" in a defendant's favor to support a non-Guidelines sentence. Neither argument is persuasive.

The district court did not construe *Crosby* to make the Guidelines mandatory; it observed only that *Crosby* cautioned against an assumption that *Booker* restored district courts' "preguidelines discretion." Sentencing Tr. at 9. This is correct. The Sentencing Reform Act of 1984, Pub.L. 98–473, Title II §§ 211–38, 98 Stat. 1987 (1984), in an effort to minimize perceived unwarranted sentencing disparities, establishes a list of seven factors, codified at 18 U.S.C. § 3553(a), that a district judge must now consider in imposing sentence. While *Booker* excised from the Sentencing Reform Act those provisions that made the Guidelines mandatory, it left in place the mandate for consideration of

---

1. Jones does not challenge this Guidelines calculation. To the extent the government initially argued that this court lacks jurisdiction to review a sentence falling within a defendant's applicable Guidelines range, that argument is now foreclosed by our holding in *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006).

§ 3553(a) factors in the imposition of sentences. *See generally United States v. Crosby,* 397 F.3d at 107–14. To this extent, the post-*Booker* sentencing discretion of district courts does not equate to the discretion exercised prior to the Sentencing Reform Act and the Sentencing Guidelines.

▮ Among the § 3553(a) factors that must be considered are the sentencing range specified by the Guidelines in a given case as well as any relevant policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3553(a)(4), (5). The critical guideline in this case is 2K2.1, which provides for a base offense level of 24 if a defendant convicted of at least two prior violent or drug felonies possesses either ammunition or a firearm. Jones submits that the district court erred in concluding that it was precluded from drawing a sentencing distinction between these proscribed items, treating ammunition possession more leniently than firearm possession.

In fact, the district court concluded only that it could not "carve out a whole class of offenses in the guideline range" on the ground that it disagreed with Congress's decision to criminalize ammunition possession by prior felons the same as firearm possession. Sentencing Tr. at 9. Although defense counsel explained that the "carve-out" would be "under the guidelines" rather than the statute, the distinction does not further his argument. *Id.* at 11. We "view as inherently suspect a non-Guidelines sentence that rests primarily upon factors that are not unique or personal to a particular defendant...." *United States v. Rattoballi,* 452 F.3d at 133. That suspicion is particularly aroused when the factor at issue, as in this case, involves a categorical assessment of the seriousness of a particular offense. As we observed in *United States v. Anati,* while the serious-

ness of the offense is a sentencing factor that must be considered pursuant to 18 U.S.C. § 3553(a)(2)(A), according a district court wide discretion to impose a non-Guidelines sentence "because of a personal view that the Sentencing Commission has undervalued [or overvalued] the seriousness of the offense risks a major inroad on the judge's obligation to consider the applicable guideline, as required by section 3553(a)(4), and also risks creating the sort of unwarranted disparity among defendants that the Guidelines attempt to minimize," 457 F.3d 233, 237–38 (2d Cir.2006). Thus, we have suggested that "the tension between these considerations" can best be adjusted "by restricting the judge's discretion to act on the basis of a personal view as to the seriousness of the type of offense the defendant has committed while permitting some discretion to enhance (or mitigate) because of the particular circumstances of a defendant's criminal conduct." *Id.* at 238. In short, the district court here correctly concluded that the categorical Guidelines "carve-out" proposed by the defense for ammunition possession by a convicted felon was outside the scope of its proper sentencing discretion.

In *United States v. Rattoballi,* we observed that "[a] non-Guidelines sentence that a district court imposes in reliance on factors incompatible with the Commission's policy statements may be deemed substantively unreasonable in the absence of persuasive explanation as to why the sentence actually comports with the § 3553(a) factors." 452 F.3d at 134. In this case, the district court could not identify any such explanation in the record before it. To the contrary, it found: "The other individualized sentencing factors set forth in the statute do not cut in [Jones's] favor. They cut against him." Sentencing Tr. at 15. In light of this conclusive finding that the non-Guidelines § 3553(a) fac-

tors actually cut against Jones, any conceivable error in the court's reference to a sentence it might impose if the factors cut "very strongly" in Jones's favor was plainly harmless. *Id.*

### 2. *The District Court Did Not Err in Considering Jones's Criminal History*

Jones further submits that his sentence is procedurally unreasonable because the district court erred by failing "to take into due consideration the 'history and characteristics of the defendant'" when calculating his criminal history. Appellant's Br. at 22 (quoting 18 U.S.C. § 3553(a)(1)). Specifically, he contends that the district court "should have given some deference to the nature of the subject offenses and the history and characteristics of the defendant" to conclude that a criminal history category of VI overstated his dangerousness. *Id.* at 23. We find no error. The district court recognized its obligation to consider Jones's history and characteristics pursuant to § 3553(a)(1). Nevertheless, it noted Jones's "substantial criminal record" and concluded that his personal history and characteristics "cut against him." Sentencing Tr. at 17, 15. This conclusion was well within the district court's discretion.

In sum, we reject Jones's procedural challenges to the reasonableness of his sentence as without merit. The judgment of the United States District Court for the Southern District of New York, dated September 22, 2005, and entered on October 3, 2005, is hereby affirmed.

