**UNITED STATES of America,**
**Appellee,**

v.

**Manuel PEREZ–SAENZ, also known as Manuel Saenz, also know as Omar Ovidos Contreras, also known as Omar Contreas, also known as El Baby Saenz, Defendant–Appellant.**

No. 07–3637–cr.

United States Court of Appeals, Second Circuit.

May 22, 2008.

Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant.

James G. McGovern, Assistant United States Attorney (David C. James, Assistant United States Attorney, of counsel), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. WALKER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Manuel Perez–Saenz appeals from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.), entered on August 23, 2007, convicting him following a guilty plea of illegally reentering the United States after being deported and convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court sentenced Saenz principally to 120 months' imprisonment and three years of supervised release. We assume the parties' familiarity with the facts and procedural history of the case.

Saenz argues that the district court erred in failing to give him adequate notice of its intent to upwardly depart from the applicable Guidelines range. *See* Fed. R.Crim.P. 32(h) (requiring a district court to give reasonable notice of any ground not identified for departure in either the presentence report or in a party's submission on which the court is contemplating a departure). The government agrees that the district court failed to give adequate notice of the basis on which it was contemplating a departure. Accordingly, we remand for resentencing to give the defendant an opportunity to respond properly to the sentencing judge's views. *See United States v. Anati,* 457 F.3d 233, 238 (2d Cir.2006).

Saenz also requests that we reassign his case to a different judge. We deny that request, having no reason to believe the

district judge cannot fairly resentence him on remand. *See id.* If on remand the district court imposes the same sentence on the same grounds after giving the defendant adequate notice, we ask that the court: (1) more fully explain its sentence in light of the Supreme Court's requirement that the court "consider the extent of the deviation [from the Guidelines range] and ensure that the justification is sufficiently compelling to support the degree of the variance," *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007), and (2) explain why it was expected, under the circumstances, that an undocumented worker would be able to provide documentation for his employment.

For the foregoing reasons, we VACATE the judgment of the district court and remand the matter for resentencing.