12-3484-cr
United States v. Isola

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of December, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DENNY CHIN,
                  *Circuit Judges.*

─────────────────────────────────────────────────

UNITED STATES OF AMERICA,

                  *Appellee*,

             -v-                                        12-3484-cr

JOHN ISOLA,

                  *Defendant-Appellant*.[*]

─────────────────────────────────────────────────

Appearing for Appellant:     Jonathan I. Edelstein, Edelstein & Grossman, New York, NY.

Appearing for Appellee:      Christopher D. Frey and Michael A. Levy, Assistant United States Attorneys (Preet Bharara, United States Attorney for the Southern District of New York, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

────────────────

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant John Isola was convicted of one count of wire fraud in violation of 18 U.S.C. § 1343. He was sentenced principally to thirty-seven months of imprisonment. Isola now appeals from his judgment of conviction, which was filed on August 21, 2012. On appeal, he asserts that the district court erred by not allowing Isola to present evidence concerning the allegedly habitual negligence of the financial institutions that were the victims of defendant's fraud. He further contends that the district court committed procedural error at sentencing, and that his sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Isola's argument that evidence of the victim lenders' negligence should have been deemed admissible because it was relevant to the materiality element of wire fraud was not raised by defendant below. Accordingly, we will reverse only if not admitting the evidence was plain error. *See United States v. Lee*, 549 F.3d 84, 89 (2d Cir. 2008). The district court committed no such error here. Assuming that Isola's theory of the relevance of the lenders' negligence is not completely foreclosed by *United States v. Thomas*, 377 F.3d 232, 243 (2d Cir. 2004), evidence of a particular lender's unreasonableness is irrelevant to the materiality of Isola's false statements because materiality is an objective question. *See Neder v. United States*, 527 U.S. 1, 22–23 & n.5 (1999); *United States v. Gaudin*, 515 U.S. 506, 509 (1995); *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 445 (1976). Thus, any evidence that the lenders in this case were unreasonable in approving loans to Isola is not relevant to how a reasonable lender would have viewed defendant's misrepresentations.

Isola argues that the district court committed procedural error at sentencing by "conflat[ing] the standard for below-Guideline *variances* under 18 U.S.C. § 3553(a) with the stricter standard for downward *departures*." It is true that departing from the Guidelines and varying from them are somewhat different endeavors. "A departure results from a circumscribed opportunity to sentence above or below that range based on specific considerations." *United States v. Anati*, 457 F.3d 233, 237 (2d Cir. 2006) (citing 18 U.S.C. § 3553(b); USSG §§ 5K2.0–.23), *abrogated on other grounds by Irizarry v. United States*, 553 U.S. 708, 713 n.1 (2008). A variance from the Guidelines, or a "non-Guidelines sentence[,] results from a somewhat broader opportunity to sentence above or below that range based on a consideration of the factors outlined in section 3553(a)." *Anati*, 457 F.3d at 237. Because Isola did not object below to the district court's manner of considering the Section 3553(a) factors or the court's failure to vary from the Guidelines based on its consideration of those factors, we review the district court's sentencing procedures for plain error. *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007) ("we now expressly hold that rigorous plain error analysis is appropriate for such unpreserved errors").

The district court did not commit plain error in the procedures it used to sentence Isola. While it is the case, as Isola argues, that "extraordinary" family circumstances is a standard that may justify a departure from the Guidelines, *see United States v. Johnson*, 964 F.2d 124, 129 (2d Cir. 1992), the mere fact that the district court used the word "extraordinary" does not mean that the court only considered departing from the Guidelines and failed to consider a possible variance in light of the Section 3553(a) factors. Indeed, there is ample evidence that the district

court considered the Section 3553(a) factors, including Isola's family circumstances and the effects of his incarceration on his daughter. There is no "requirement that a sentencing judge *precisely identify* either the factors set forth in § 3553(a) or specific arguments bearing on the implementation of those factors in order to comply with her duty to consider all the § 3553(a) factors along with the applicable Guidelines range." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006) (emphasis in original). Because Isola's variance argument is based on the district court's alleged failure to consider that the Section 3553(a) factors justified a variance, and there is ample evidence that the court considered those factors, the district court committed no plain error in the procedure of sentencing Isola.

Nor was the district court's sentence substantively unreasonable. "[I]n reviewing a sentence for substantive reasonableness, . . . we consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a)." *United States v. Sanchez*, 517 F.3d 651, 661 (2d Cir. 2008) (internal quotation marks omitted). There is no indication that the district court abused its discretion in considering or applying the Section 3553(a) factors in this case when it sentenced Isola to the low end of the Guidelines range—thirty-seven months of imprisonment.

We have considered Isola's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk