22-1195-cr
*United States v. Pattison*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of January, two thousand twenty-four.

PRESENT:
> MICHAEL H. PARK,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

-------------------------------------------------------

United States of America,

> *Appellee,*

> v.                                                                 22-1195-cr

Stephen Reed Pattison,

> *Defendant-Appellant.*

-------------------------------------------------------

FOR APPELLEE:                    TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney, Western District of New York, Buffalo, NY.

FOR DEFENDANT-APPELLANT:          JAY S. OVSIOVITCH, Federal Public Defender's Office, Western District of New York, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED**.

Defendant-Appellant Stephen Reed Pattison pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court calculated a Guidelines range of 46 to 57 months' imprisonment before both departing under section 4A1.3(a) of the Guidelines and varying upwards, resulting in a 96-month sentence. Pattison appeals, arguing that the district court failed to provide the notice required by Rule 32(h) of the Federal Rules of Criminal Procedure before departing and that the sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Pattison did not argue below that the district court failed to provide notice before departing, so we review for plain error. *See United States v. Gilmore*, 471 F.3d 64, 66 (2d Cir. 2006), *abrogated on other grounds by Irizarry v. United States*, 553 U.S. 708 (2008). But failing to provide notice under Rule 32 can be plain error. *See United States v. DeMott*, 513 F.3d 55, 58 (2d Cir. 2008) (stating that "failure to provide" the similar notice required by Federal Rule of Criminal Procedure 32(i)(1)(C) "amounts to plain error"); *United States v. Cole*, 496 F.3d 188, 191 (2d Cir. 2007) (same).

Rule 32(h) states that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Fed. R. Crim. P. 32(h). It is undisputed that the district court did not provide advance

notice before departing. Instead, the government argues that the district court in fact did not depart, but only varied from the Guidelines range, and that Rule 32(h) applies only to departures. *See United States v. Davis*, 82 F.4th 190, 198 (2d Cir. 2023). It further argues that, in any event, the government's presentencing submission provided adequate notice to Pattison.

First, the district court clearly stated that it was departing, identified the specific Guidelines provision governing the departure, said it was following the policy statement for the departure, filled out the statement of reasons for a departure, and stated on the record that it arrived at its above-Guidelines sentence partly by way of "an upward departure for inadequacy of criminal history" and partly "as a variance under the 3553A factors." Joint App'x at 91-92. The district court departed.

Second, the government's presentencing submission did not provide adequate notice that it was seeking a departure under section 4A1.3(a) of the Guidelines. Nowhere does the government's submission mention section 4A1.3. Although the government did address Pattison's criminal history, it did so in the context of the 18 U.S.C. § 3553(a) factors, not the specific standard provided by section 4A1.3(a)(1) of the Guidelines for departing based on the inadequacy of Pattison's criminal history category. And finally, the district court stated in the statement of reasons that its decision to depart was *not* the result of a motion for a departure by the parties, indicating that it did not depart on a ground "identified for departure . . . in a party's prehearing submission." Fed. R. Crim. P. 32(h).

The district court's failure to notify Pattison that it was contemplating a departure under section 4A1.3(a) was error, and we cannot be sure that it did not affect Pattison's substantial rights. Accordingly, we remand and do not reach the issue whether the sentence imposed was substantively reasonable.

For the foregoing reasons, we **VACATE AND REMAND** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court