08-2296-cr
United States v. Johnson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: February 9, 2009                          Decided: February 25, 2009
                                                   Amended: February 26, 2009)

Docket No. 08-2296-cr

UNITED STATES OF AMERICA,

      *Appellee*,

      v.

DOUGLAS P. JOHNSON,

      *Defendant-Appellant.*

Before: CABRANES and WESLEY, *Circuit Judges*, and KORMAN, *District Judge*.[*]

On this appeal we consider whether an application note, which construed an enhancement under the Sentencing Guidelines for possessing a firearm in connection with another felony offense, constituted a substantive change to the Guidelines for the purposes of the Ex Post Facto Clause of Article I, Section 9 of the Constitution. We hold that, because the application note served only to clarify the scope of the guideline, the Ex Post Facto Clause was not implicated.

Affirmed.

> STEPHAN J. BACZYNSKI, Assistant U.S. Attorney (Kathleen M. Mehltretter, United States Attorney, *on the brief*), Office of the United States Attorney for the Western District of New York, Buffalo, NY, *for Appellee United States of America.*

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

HERBERT GREENAMN (Michael P. Stuermer, *on the brief*), Lipsitz Green Scime Cambria LLP, Buffalo, NY, *for Defendant-Appellant Douglas P. Johnson.*

PER CURIAM:

Douglas P. Johnson appeals from an April 28, 2008 judgment of conviction entered in the United States District Court for the Western District of New York (Richard J. Arcara, *Chief Judge*). Along with three co-defendants, Johnson was indicted for possessing stolen firearms in violation of 18 U.S.C. § 922(j) and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Johnson pleaded guilty to the felon-in-possession charge and was sentenced principally to a seventy-seven month term of imprisonment. In calculating Johnson's sentencing range under the United States Sentencing Guidelines ("Guidelines"), the District Court applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) (2005) for "us[ing] or possess[ing] a[ ] firearm or ammunition in connection with another felony offense."

On appeal, Johnson contends that his sentence was imposed in violation of the Ex Post Facto Clause of Article I, Section 9 of the Constitution. Relying on our holding in *United States v. Kilkenny* that "[t]he application of a particular version of the Guidelines is retrospective [in violation of the Ex Post Facto Clause] if the version went into effect after the last date of the offense of conviction," 493 F.3d 122, 127 (2d Cir. 2007), Johnson argues that the District Court relied improperly on an application note contained in a version of the Guidelines, the 2006 edition, that was issued after the commission of Johnson's offense.[1]

---

[1] In this opinion, we apply the holding of *United States v. Kilkenny*, 493 F.3d 122 (2d Cir. 2007), but we note that other courts have determined that, in light of their advisory status, the Sentencing Guidelines cannot ever run afoul of the Ex Post Facto Clause. *See, e.g., United States v. Demaree*, 459 F.3d 791, 795 (7th Cir. 2006) (declining to apply the Ex Post Facto Clause to the Sentencing Guidelines because "the ex post facto clause should apply only to laws and regulations that bind rather than advise.") (Posner, *J.*). In *Kilkenny*, this Court did not consider whether the transformation of the Sentencing Guidelines from a mandatory regime to one that is purely advisory affected its ex post facto analysis. Because we need not reach that issue to resolve this appeal, it remains an open question to be decided in the appropriate case.

We see nothing improper in the District Court's application of the four-level enhancement or its reliance on the application note contained in the 2006 edition of the Guidelines. The text of the enhancement applied by the District Court—U.S.S.G. § 2K2.1(b)(5)—was unchanged between the 2005 and 2006 editions of the Guidelines.[2] The only change relevant to this appeal was the addition of an application note in the 2006 edition stating that this enhancement is warranted "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." U.S.S.G. § 2K2.1 cmt. n.14(B). Prior to the addition of that application note, there was a circuit split on whether a burglary involving the theft of firearms permitted the application of this enhancement, with some circuits holding that it could, *see, e.g.*, *United States v. Villegas*, 404 F.3d 355, 363 (5th Cir. 2005); *United States v. Blount*, 337 F.3d 404, 410 (4th Cir. 2003); *United States v. Kenney*, 283 F.3d 934, 938 (8th Cir. 2002), and others holding that it could not, *see, e.g.*, *United States v. Fenton*, 309 F.3d 825, 827 (3d Cir. 2002); *United States v. Szakacs*, 212 F.3d 344, 350 (7th Cir. 2000); *United States v. Sanders*, 162 F.3d 396, 400 (6th Cir. 1998). Having never decided this question, our Court remained on the sidelines of this split of authority.

It was against this background that the Sentencing Commission issued its application note in the 2006 edition, clarifying that the enhancement applied to burglaries involving the theft of firearms. As the District Court observed, the "application note . . . was added to clarify how [the] previously existing guideline[ ] should be applied[ ] when the other offense is a burglary." Appellant's App. 130. The application note neither altered the law of this Circuit nor otherwise changed a prior binding

---

[2] That provision reads: "If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18." The 2006 version of the Guidelines renumbered this provision as § 2K2.1(b)(6).

3

interpretation of U.S.S.G. § 2K2.1(b)(5).  Where, as here, "an amended guideline commentary serves to clarify and does not enhance punishment, the *ex post facto* clause is not implicated."  *United States v. Gonzalez,* 281 F.3d 38, 46 (2d Cir. 2002).  We therefore agree with the determination of the District Court that, because the application note served only to clarify the scope of the pre-existing guideline, the Ex Post Facto Clause was not implicated by the District Court's reliance on that note.

## CONCLUSION

The District Court's reliance on the application note added in the 2006 edition of the Guidelines, which served only to clarify the scope of U.S.S.G. § 2K2.1(b)(5), did not violate the Ex Post Facto Clause.

The judgment of the District Court is **AFFIRMED.**