08-1182-cr
USA v. Shuster

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand and ten.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                No. 08-1182-cr

BORIS SHUSTER, also known as Robert Shuster,

*Defendant-appellant,*

ALEXANDER DZEDETS, also known as Sasha Dzedets, VICTOR ALTMAN, VINCENT C. ARMATO, IGOR G. KOMET, also known as Gary Komet, ADAM LICHTENBAUM, DAVID LOZOVSKY, LARRY SHUSTER, BORIS TAGER, PETER RORRALES JR.,

*Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

FOR APPELLANT:             Howard M. Simms, New York, NY.

FOR APPELLEE:              Preet Bharara, United States Attorney, and Andrew L. Fish and
                           Marc O. Litt, Assistant United States Attorneys, United States
                           Attorney's Office, Southern District of New York, New York,
                           NY.

Appeal from a February 20, 2008 judgment of conviction entered by the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and the cause is **REMANDED** for re-sentencing.

In the United States District Court for the Eastern District of New York, appellant Boris Shuster pleaded guilty to charges stemming from mail fraud perpetrated under the auspices of a fraudulent investment firm called the A.S. Templeton Group ("AST"). Appellant received a 60-month sentence for the AST fraud convictions. The AST fraud convictions are relevant to—but not the subject of—this appeal.

Later, in the United States District Court for the Southern District of New York, appellant pleaded guilty to separate charges related to a fraudulent investment scheme involving the use of an investment firm called Holston, Young, Parker & Associates ("Holston"). Judge Marrero imposed on appellant a 150-month sentence for the Holston fraud convictions. Appellant challenges that sentence in this appeal.

I.      **Considering the AST Fraud for the Purpose of Determining the Relevant Conduct**

Appellant first argues that the 150-month sentence for the Holston fraud was "unreasonable" because it exceeded the 60-month sentence imposed for the AST fraud and because the District Court considered the AST fraud as "relevant conduct" for the sentence it imposed for the Holston fraud.

These arguments are meritless. A district court may consider all relevant conduct in calculating an offense level under United States Sentencing Guidelines ("U.S.S.G.") § 1B1.3, even if the conduct has already been considered as relevant conduct in imposing a sentence for a prior prosecution. *See Witte v. United States*, 515 U.S. 389, 399 (1995); *United States v. Gallego*, 191 F.3d 156, 169-70 (2d Cir. 1999), *abrogated on other grounds by Crawford v. Washington*, 541 U.S. 36, 64-65 (2004). To the extent that the 150-month sentence for the Holston fraud partially "resulted from" the AST fraud—which was deemed "another offense that [was] relevant conduct to the instant offense of conviction"—the District Court properly provided that the 150-month sentence for the Holston fraud would run *concurrently* with the 60-month sentence for the AST fraud. *See* U.S.S.G. § 5G1.3(b).

**II.    Considering the AST Fraud for the Purpose of Calculating Appellant's Criminal History Category**

The government argued to Judge Marrero that the AST fraud should be considered *both* (1) as "relevant conduct" in determining appellant's offense level under U.S.S.G. § 1B1.3 *and* (2) as a "prior sentence" for the purpose of determining appellant's criminal history category. Judge Marrero accepted the government's argument and considered the AST fraud both as "relevant conduct" and as a "prior sentence."

On appeal, the government now concedes that its position to Judge Marrero was a mistake, that Judge Marrero thus erred, and that this case should be remanded for re-sentencing. As the government states in its brief, "a sentence for conduct that is relevant conduct under Section 1B1.3 does not result in criminal history points." Gov't Br. 18; *see also* U.S.S.G. § 4A1.2 cmt. n.1 ("'Prior sentence' means a sentence imposed prior to sentencing on the instant offense, *other than a sentence for conduct that is part of the instant offense.*" (emphasis added)); *United States v. Thomas*, 54 F.3d 73, 83 (2d Cir. 1995).

Accordingly, appellant's sentence is vacated and remanded to the District Court for re-sentencing consistent with this order.

**III.    Additional Issues**

On September 29, 2009, this Court ordered the parties to brief two additional issues that appellant did not argue before the District Court or in his briefs to this Court. We now conclude that neither issue raised in the September 29, 2009 order implicates an error on the part of the District Court.

First, Application Note 3(E)(ii) to U.S.S.G. § 2B1.1 does not apply in this case. That Application Note applies only to an offense "involving collateral pledged or otherwise provided by the defendant." We are unaware of any precedent for treating the kind of investment fraud that appellant was involved in—essentially a Ponzi scheme—as a fraud involving "collateral pledged or otherwise provided."

Additionally, appellant argues that he is entitled to a credit against loss under Application Note 3(E)(i) to U.S.S.G. § 2B1.1, which provides that loss is to be reduced by "[t]he money returned, and the fair market value of the property returned and the services rendered, by the defendant or other persons jointly with the defendant, to the victim before the offense was detected." This argument is of no avail since the District Court applied a twenty-level enhancement for losses greater than $7 million but less than $20 million. The total loss amount, which includes losses caused by the Holston fraud and appellant's other relevant conduct, exceeds $7 million regardless of whether appellant receives a Note 3(E)(i) credit against loss for funds returned to the Holston fraud victims.

Second, the *Ex Post Facto* Clause of the United States Constitution does not prohibit the application of the November 1, 2007 version of the Sentencing Guidelines to appellant's fraudulent conduct. Ordinarily, a sentencing court "appl[ies] the version of the Guidelines in effect on the date of the defendant's sentencing." *United States v. Kilkenny*, 493 F.3d 122, 126 (2d Cir. 2007). Even assuming, without deciding, that following *United States v. Booker*, 543 U.S. 220 (2005), the *Ex Post Facto Clause* applies to amendments to the Sentencing Guidelines, *see United States v. Johnson*, 558 F.3d 193, 194 n.1 (2d Cir. 2009), the *Ex Post Facto Clause* would require the application of the Guidelines regime in place on the last date of the offense only where the Guidelines in effect at the time of sentencing would compel a more severe penalty, *Kilkenny*, 493 F.3d at 126-27. The Holston fraud occurred between June 2002 and March 2003; thus the November 1, 2002 edition of the Guidelines, as amended by the January 25, 2003 Supplement, was in effect on the last date of the Holston fraud. As the November 1, 2007 Guidelines and the November 1, 2002 Guidelines, as amended, are identical in all respects relevant to this case, the District Court correctly used the November 1, 2007 Guidelines to calculate appellant's sentencing range.

\* \* \*

We have considered appellant's remaining arguments on appeal and find them to be meritless.

## CONCLUSION

For the foregoing reasons, the sentence imposed by the February 20, 2008 judgment of conviction is **VACATED**, and the cause is **REMANDED** to the District Court for re-sentencing consistent with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

4