**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: October 14, 2008                    Decided: March 17, 2010)

Docket No. 07-0349-cr

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   *Appellee*,

v.

GREGORY GILMORE

   *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: LEVAL, KATZMANN, LIVINGSTON, *Circuit Judges*.

   Defendant appeals from a judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*) sentencing him to thirty years' imprisonment. The Court of Appeals (Leval, *J.*) affirms the judgment. Where the sentencing court calculated and considered a sentence under the version of the Sentencing Guidelines in effect at the time of the offense, but referred to a subsequent version of the Guidelines as indicative of the seriousness of the offense and the reasonableness of a non-Guidelines sentence, there was no violation of the *Ex Post Facto* Clause. Affirmed.

       SEAN P. CASEY, Assistant United States Attorney
       (Peter A. Norling, Assistant United States Attorney,
       *on the brief*), *for* Roslynn R. Mauskopf, United

States Attorney for the Eastern District of New York, New York, NY, *for Appellee.*

BARRY D. LEIWANT, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant.*

LEVAL, *Circuit Judge*:

Defendant Gregory Gilmore appeals from the judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*) sentencing him to thirty years' imprisonment. In sentencing the defendant, the district court referred to the 2004 version of the United States Sentencing Guidelines (the "Guidelines"), which prescribed a harsher sentence than the 2003 version of the Guidelines, which was in effect at the time of his offense, not as part of its initial Guidelines analysis, but rather as relevant to an assessment of the seriousness of Gilmore's offense and the reasonableness of imposing a non-Guidelines sentence. We reject the defendant's contention that the court's reference to the later version of the Guidelines was a violation of the *Ex Post Facto* Clause, U.S. Const. art. I, § 9, cl. 3.

As to the other procedural errors asserted by the defendant, we find that they were either not errors or were at worst harmless. We also reject the defendant's contention that his sentence was procedurally and substantially unreasonable.

## BACKGROUND

**I.     The Defendant's Guilty Plea and Initial Sentencing**

**A.     The Offense Conduct**

Starting in January 2003 and continuing for two years, the defendant committed repeated

sexual abuse of his eight-year-old daughter, who was in his custody and control. The abuse included touching his daughter's genitalia, performing oral sex, and engaging in intercourse. In addition to molesting his daughter, he took photos of his sexual conduct with her and of her naked body. *United States v. Gilmore*, 470 F. Supp. 2d 233, 235-36 (E.D.N.Y. 2007). A forensic review of his computer revealed that he had approximately seventy pornographic images of his daughter and had sent six of these images to unknown individuals via the internet.

The defendant also downloaded and distributed pornographic images of other children. The FBI became suspicious of him when he struck up a conversation with an undercover FBI agent in an AOL chat room and then sent the agent a video clip of a female toddler being sexually abused. As a result, the FBI opened an investigation which eventually led to the defendant's arrest. The investigation uncovered a collection of child pornography on his computer comprising 662 digital images and ten video clips (in addition to the images of his daughter). *Gilmore*, 470 F. Supp. 2d at 235-36.

Inspection of the defendant's computer also revealed problematic electronic communications between the defendant and other unknown individuals. In one conversation, the defendant and another individual discussed using liquor and sleeping pills to sedate their daughters. Gilmore encouraged the interlocutor to molest his daughter and to videotape his activities. In another conversation, the defendant discussed molesting a toddler. He claimed that, while changing the girl's diaper, he licked her genitalia and forced his penis into her mouth.

**B.     Plea Agreement**

Pursuant to a plea agreement, Gilmore pleaded guilty on May 27, 2005 to producing

child pornography of a minor child under his custody and control, in violation of 18 U.S.C. § 2251(b). The plea agreement advised that a violation of 18 U.S.C. § 2251(b) carried a minimum term of imprisonment of fifteen years and a maximum term of thirty years. In the agreement, the government set forth a non-binding, so-called "*Pimentel* estimate" of Gilmore's sentencing exposure based on the application of the United States Sentencing Guidelines to his conduct. *See United States v. Pimentel*, 932 F.2d 1029 (2d Cir. 1991). The government concluded that the Guidelines prescribed an adjusted offense level of 45, calling for life imprisonment. Because a life term exceeded the maximum sentence authorized by the criminal statute, the government estimated that the applicable Guidelines sentence would be the statutory maximum term of thirty years.[1] The government's *Pimentel* estimate was based on the 2004 version of the Sentencing Guidelines, the version in effect at the time of Gilmore's sentencing. Subsequently, the government conceded that application of the 2004 Guidelines was erroneous, because it resulted in a harsher sentence than the 2003 version, which was in effect at the time of the offense.

**C.    Presentence Report**

A presentence investigation report ("PSR") was prepared on August 30, 2005, after the Supreme Court in *United States v. Booker* invalidated 18 U.S.C. § 3553(b)(1), which commanded imposition of a sentence within the range dictated by the Guidelines unless the sentencing court found that a departure was warranted by circumstances not adequately taken

---

[1] The plea agreement contained a waiver of Gilmore's right to appeal if the sentence imposed was 360 months or less. The government has not sought to enforce this waiver of appeal.

into account by the Guidelines.  *United States v. Booker*, 543 U.S. 220 (2005).  As a result, the PSR referred to the Guidelines as advisory.

Unlike the plea agreement, the PSR used as the reference point for its Guidelines analysis the 2003 version of the Sentencing Guidelines.  Under the 2003 version, the PSR calculated Gilmore's Guidelines sentencing range to be between 97 and 121 months of imprisonment, based on an adjusted offense level of 30.  However, because 18 U.S.C. § 2251(e) carried a greater minimum term of imprisonment of fifteen years, the PSR concluded that Gilmore's advisory Guidelines sentence was fifteen years.

The PSR listed several aggravating factors to be considered.  These included: (1) Gilmore's possession of marijuana in his apartment at the time of his arrest, (2) his possession of additional images of child pornography, (3) the fact that he had distributed the child pornography of his daughter, and (4) his sexual abuse of his daughter on additional occasions.  The PSR also noted as a potentially mitigating factor that Gilmore reported he had been repeatedly sexually abused between the ages of 12 and 13 by a young adult woman.

**D.     The Initial Sentencing**

On October 25, 2005, the defendant appeared before the district court for sentencing. During the hearing, the mother of the defendant's abused daughter spoke of the impact of the defendant's actions on their daughter and other family members.  Before passing sentence, the judge observed that he could not recall having been so disturbed by criminal conduct in his twenty-four years on the bench.

In light of the Supreme Court's instruction in *Booker* that, notwithstanding their advisory

nature, courts should continue to consult the Guidelines, the court proceeded to conduct a Guidelines analysis. In the course of this analysis, the court focused on 18 U.S.C. § 3553(b)(2)(A), which relates to cases involving children and sexual offenses and authorizes departure above the Guidelines range if the court finds aggravating circumstances of a kind or to a degree not adequately taken into consideration by the United States Sentencing Commission. Finding "it hard to conceive that the Sentencing Commission could possibly have conceived the kind of behavior which is described in [Gilmore's] sentencing report," the court sentenced Gilmore to the statutory maximum term of thirty years' imprisonment and five years of supervised release. Sentencing Tr. at 6. The court acknowledged that the sentence was a "very, very significant departure" from the Guidelines range. *Id*. at 7. The court justified the sentence based on the need for it (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with treatment in the most effective manner.

**II.     Defendant's First Appeal**

Defendant appealed, arguing that the district court had committed three errors: (1) it had failed to provide him with notice of its intention to impose a non-Guidelines sentence; (2) it had improperly relied on 18 U.S.C. § 3553(b)(2), which this court, in *United States v. Selioutsky*, 409 F.3d 114, 117 (2d Cir. 2005), had "deemed excised" in the wake of *Booker*; and (3) in departing from the Guidelines, it had relied on reasons that did not support the sentence.

Relying on *United States v. Anati*, 457 F.3d 233 (2d Cir. 2006), which was decided after

Gilmore's initial sentencing, we vacated the sentence and remanded for resentencing on the ground that the district court failed "to provide [Gilmore] with notice of its intent to impose an adverse non-Guidelines sentence and an opportunity to challenge the grounds for such a sentence."[2] *United States v. Gilmore*, 471 F.3d 64, 66 (2d Cir. 2006). We did not rule on the defendant's other asserted grounds of appeal.

**III.    Defendant's Resentencing**

The district court held a resentencing hearing on January 18, 2007, and again sentenced Gilmore to a term of thirty years' imprisonment, followed by five years of supervised release. The court explained its reasoning both at the hearing and, more extensively, in a written opinion filed the next day. The court found that the applicable 2003 Guidelines placed the defendant at level 30 in Criminal History Category I, resulting in an advisory Guidelines range of 97 to 121 months. While recognizing that 18 U.S.C. § 3553(b)(2) was deemed excised by *Selioutsky* as the result of *Booker*, the court noted that section's provision that "the sentence the Guidelines might otherwise have required . . . may be enhanced if there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." *Gilmore*, 470 F. Supp. 2d at 246.

The judge reiterated his statement from the earlier sentencing proceeding to the effect that, in twenty-four years of judging, he could not remember more disturbing criminal conduct,

---

[2] In *Irizarry v. United States*, 128 S. Ct. 2198 (2008), decided after our remand in this case, the Supreme Court rejected *Anati*'s conclusion that a criminal defendant is entitled to reasonable notice of a sentencing court's intention to impose a non-Guidelines sentence.

which he found "almost indescribable." *Id.* at 237. The court also reiterated the view that "the acts which you performed upon your own daughter; the discussions you had about it in chat rooms discussing what it was that you did and suggesting what other people might consider doing . . . bespeaks . . . a level of immorality which is just beyond belief." *Id.* (internal quotation marks omitted). In considering the extraordinarily heinous nature of the offense, the court reiterated that the Sentencing Commission "could [not] possibly have conceived the kind of behavior" that constituted the crime. *Id.* Recognizing that *Booker* had liberated courts from the obligation to adhere to the Guidelines scheme, freeing them to impose non-Guidelines sentences, the court questioned whether it would violate the *Ex Post Facto* Clause of the Constitution for a court to exercise its newfound discretion by imposing a sentence pursuant to the version of the Guidelines in effect at the time of sentencing, even when that version provided for a harsher punishment than the version in effect at the time of the offense. The court concluded that doing so would raise no *Ex Post Facto* concern. *Id.* at 238-39. The court, however, made clear that the "applicable Guideline range" in Gilmore's case was fifteen years – i.e., the range calculated by reference to the 2003 Guidelines. *Id.* at 242-43. Although the court expressed the view that it had the authority to calculate the defendant's Guidelines sentence by reference to the 2004 Guidelines, it did not do so.

Instead, the court explained its intention, by reason of the extraordinary nature of the defendant's crime and the harm caused by it, to go outside the framework of the Guidelines and impose a non-Guidelines sentence at the maximum allowed by the statute. The court proceeded to review the sentencing factors specified in 18 U.S.C. § 3553(a). *Gilmore*, 470 F. Supp. 2d at

8

243-48. In relation to the seriousness of the offense and in support of the reasonableness of its intended sentence, the court noted that the 2004 version of the Guidelines would have recommended a life sentence for the defendant's conduct. *Id.* at 244.

At the close of the resentencing hearing, defendant's counsel stated two objections. First, counsel objected that the court's use of the 2004 Guidelines violated the *Ex Post Facto* Clause. The court responded that there could be no violation in a reference to those Guidelines solely for guidance. Counsel then argued that the court's conclusion that the 2004 Guidelines would have prescribed a life sentence was based on a mistaken application of two four-level enhancements. Counsel argued that a correct application of the 2004 Guidelines would place Gilmore at offense level 39, with a sentencing range of 262 to 327 months – some thirty-three months below the statutory maximum. The court responded, "Thank you very much. Anything else?" and made no further comment on the objection.

**DISCUSSION**

We review the district court's legal conclusions *de novo*, *see, e.g.*, *United States v. Freeman*, 578 F.3d 142, 145 (2d Cir. 2009), and review its sentencing decisions for procedural and substantive reasonableness under a deferential abuse-of-discretion standard, *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007).

**I.     *Ex Post Facto* Clause Violation**

Gilmore argues that the district court violated the *Ex Post Facto* Clause by referring to the 2004 version of the Sentencing Guidelines while sentencing him for an offense that occurred prior to the adoption of that version. The government's brief expresses agreement with the

defendant on that point and joins in Gilmore's request that the case be remanded for resentencing.[3] Appellee's Br. at 17-21. We disagree.

It is not entirely clear from the district court's comments whether it meant (1) that the *Ex Post Facto* Clause does not bar retroactive application of the Guidelines post-*Booker* because the clause applies only to binding laws and not to laws that are merely advisory,[4] or (2) that the clause was not violated in Gilmore's case because the court had correctly selected the 2003 version as the applicable Guidelines and had referred to the subsequent Guidelines only in evaluating the seriousness of Gilmore's offense and the reasonableness of the sentence imposed.

If the court meant the latter, we agree, and we find this determinative. In sentencing the defendant, the court did not treat the 2004 Guidelines as the version applicable to his case. To the contrary, although it made clear it had no intention of adhering to the applicable advisory

---

[3] The government subsequently submitted a letter advising the court that it is now of the opinion that the *Ex Post Facto* Clause does not apply to the Sentencing Guidelines, but that it would adhere for purposes of this case to the position taken in its brief. Letter from Peter A. Norling, Chief, Appeals Division, Office of the United States Attorney for the Eastern District of New York (Oct. 7, 2008).

[4] In *United States v. Kilkenny*, 493 F.3d 122 (2d Cir. 2007), we held, as to a post-*Booker* sentence but without reference to the changes made by *Booker*, that "[w]hen the application of the Guidelines in effect at the time of sentencing would result in a more severe penalty than would application of the Guidelines in effect at the time the offense was committed, the *Ex Post Facto* Clause requires the use of the earlier version of the Guidelines." *Id.* at 126-27. More recently, we have indicated that, because the court in *Kilkenny* did not explicitly consider "whether the transformation of the Sentencing Guidelines from a mandatory regime to one that is purely advisory affected its ex post facto analysis," the *ex post facto* consequences of relying on a later-enacted version of the Guidelines remains an open question. *United States v. Johnson*, 558 F.3d 193, 194 n.1 (2009) (*per curiam*).

Guidelines, the court explicitly recognized that it was the 2003 Guidelines that applied.[5] The court did indeed refer to the 2004 Guidelines, but the reference was not a part of its analysis of the Guidelines range for the defendant's case. Rather, in discussing the "seriousness of the offense" as a sentencing factor specified in section 3553(a)(2)(A), the court noted the fact that the 2004 Guidelines would have provided a life sentence in support of its conclusion that the defendant's offense was extraordinarily serious. *Gilmore*, 470 F. Supp. 2d at 244. It also referenced the higher sentence provided by the 2004 Guidelines in support of its conclusion that its thirty-year non-Guidelines sentence was reasonable.

We see no colorable argument for the proposition that consultation of a later-established sentencing statute for these limited purposes violates the *Ex Post Facto* Clause. At a minimum, in order to raise an *Ex Post Facto* concern, a law must "*apply* to events occurring before its enactment." *Miller v. Florida*, 482 U.S. 423, 430 (1987) (emphasis added). The Clause has no bearing in a case where, as here, the challenged law was not *applied* at all. The district judge no more applied the 2004 Guidelines than he would have improperly applied the New York penal laws, had he consulted them for evidence of society's judgment of the seriousness of Gilmore's offense.

**II.      Notice of Intent to Deviate from the Guidelines and a Meaningful Opportunity to**

---

[5] Although the district judge's oral remarks at the sentencing hearing are unclear on this point, in the subsequent written opinion and in the judgment of conviction, the court (a) identified the applicable Guidelines offense level as 30 (the level provided in the 2003 Guidelines), with a corresponding range of 97 to 121 months; (b) identified the "Guidelines range" as fifteen years (the statutory minimum); and (c) perhaps most importantly, indicated that it was adopting the PSR and its Guidelines calculation. *Gilmore*, 470 F. Supp. 2d at 242. **[A 88]**

**Comment**

Gilmore argues that the district court deviated from the 2003 Guidelines range without giving him prior notice of its intention to do so and thus deprived him of a "meaningful opportunity to be heard." *Burns v. United States*, 501 U.S. 129, 138 (1991).

This contention is without merit for at least two reasons. The first is that Gilmore clearly had adequate notice of the court's intention to sentence above the Guidelines range. Given that the district court had already sentenced him far above the Guidelines range once, Gilmore cannot conceivably have been taken by surprise by the court's decision to sentence him above the Guidelines range – indeed, to the very same sentence – again on remand.

Gilmore's argument also fails because he was *not entitled* to notice of the district court's intention to vary upwards from the Guidelines. It is true that, pre-*Booker*, the Supreme Court held in *Burns* that a sentencing court may not depart upward from the sentencing range established by the Guidelines on a ground not previously identified without giving the defendant reasonable notice that it is contemplating such a departure. *See id.* at 138. This holding was subsequently codified in Fed. R. Crim. P. 32(h). In the wake of *Booker*, however, the Supreme Court has ruled that *Burns* and Rule 32(h) do not extend to "variances" (i.e., non-Guidelines sentences), as opposed to departures. *Irizarry*, 128 S. Ct. at 2203. As a result, a sentencing court is not obligated to provide advance notice to a defendant of its intention to impose a non-Guidelines sentence. As the district court imposed a non-Guidelines sentence, Gilmore had no entitlement to notice.

**III. Failure to Rule on Objections**

Gilmore next contends that the court violated Fed. R. Crim. P. 32(i)(1) and (3) by failing to rule on his objection to the court's conclusion that the 2004 version of the Guidelines would have provided a life sentence for Gilmore's offense. At the sentencing hearing, Gilmore's counsel objected to the court's implicit conclusion that two enhancements would have applied under the 2004 Guidelines: a four-point enhancement for "material that portrays sadistic or masochistic conduct or other depictions of violence," *see* U.S.S.G. § 2G2.1(b)(4) (2004), and another four-point enhancement for engaging in a sexual act by force, threat, or other coercive means, *see* U.S.S.G. § 2G2.1(b)(2)(B) (2004); 18 U.S.C. § 2241. Gilmore's counsel argued that those enhancements were not applicable, and that without them, the 2004 Guidelines would indicate a range of 262 to 327 months, considerably below the thirty-year sentence imposed. On hearing the defendant's objections, the court said, "Thank you very much," and adjourned the proceeding without making a ruling.

Gilmore notes that Fed. R. Crim. P. 32(i)(3)(B) requires a court at sentencing, for any "controverted matter," to either "rule on the dispute or determine that a ruling is unnecessary . . . because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Gilmore asserts that the court violated this rule by failing to rule on counsel's objections or to make the required alternative ruling. He further argues that the district court's error was consequential because, if his arguments with respect to the applicability of the enhancements were accepted, the upper end of the advisory range under the 2004 Guidelines would have been 327 months, which would not support the reasonableness of the 360-month sentence imposed.

We agree with Gilmore that the court's failure to rule on his objection to the court's interpretation of the 2004 Guidelines was at least a technical error. In our view, however, this error was harmless, as it is clear that the inapplicability of the enhancements would not have affected the sentence imposed. The court's conclusion that a thirty-year sentence was reasonable turned on many factors besides its assessment of the 2004 Guidelines. Specifically, the court also discussed (1) Gilmore's additional criminal activity, including his possession of an additional 662 images and ten video clips of child pornography, his distribution of the child pornography involving his daughter, his repeated sexual abuse of his daughter on other occasions, and his possession of marijuana at the time of his arrest; (2) his personal characteristics, including his substantial criminal history and substance abuse problems; (3) the minimum and maximum terms of imprisonment provided by the statute under which he was convicted; (4) the "degree of moral outrage, depravity and blatant wickedness the offense would spark in the mind of the average person"; (5) the need to afford adequate deterrence, both special and general, in the future; (6) the court's concern that a "mild rebuke would rightly be regarded as depreciating the seriousness of this serious crime"; and (7) the particularly strong need to incapacitate Gilmore in light of his proclivity for disseminating information and advice to other pedophiles and sexual predators via the internet. *Gilmore*, 470 F. Supp. 2d at 243-46; Resentencing Tr. at 5-6. In addition, the judge concluded that he couldn't recall ever having been so disturbed by a case. *Gilmore*, 470 F. Supp. 2d at 237. It was clear in the circumstances that the court's terse acknowledgment of the objection was intended to communicate that "a ruling [was] unnecessary . . . because the matter [would] not affect sentencing." *See* Fed. R.

Crim. P. 32(i)(3)(B). The court's failure to say so explicitly, as required by Rule 32(i), was harmless.[6] *See* Fed. R. Crim. P. 52(a).

**III.    Reference to 18 U.S.C. § 3553(b)(2)**

Gilmore next argues that the district court erred in making reference to 18 U.S.C. § 3553(b)(2) in justifying the reasonableness of its sentence. He argues that that section, which applies with specificity to "child crimes and sexual offenses," was excised from the sentencing

---

[6] In any event, it is far from clear that these two enhancements are not applicable to Gilmore's conduct. First, as to the enhancement for "material that portrays sadistic or masochistic conduct or other depictions of violence," *see* U.S.S.G. § 2G2.1(b)(4) (2004), we have ruled that "when a District Court makes an objective determination that (1) an image depicts sexual activity involving a minor and (2) the depicted activity would have caused pain to the minor, the court establishes an adequate basis for the application of the enhancement . . . ." *Freeman*, 578 F.3d at 143. In Gilmore's case, the first prong was not contested, and we seriously doubt whether any reasonable fact finder applying an objective standard could determine that the penetration of an eight-year-old girl by an adult male would not have caused pain to the minor.

Second, as to the enhancement for engaging in sexual "conduct described in" 18 U.S.C. § 2241(b), *see* U.S.S.G. § 2G2.1(b)(2)(B) (2004), Gilmore's only argument for inapplicability is based on the fact that his offense did not occur "within federal jurisdiction," as required for a violation of section 2241(b). Gilmore conceded that he had committed the acts that would constitute a violation of the statute if done within the "special maritime and territorial jurisdiction of the United States." *See* 18 U.S.C. § 2241(b); Resentencing Tr. at 34 ("[T]he acts my client committed are in fact acts described in 2241."). We have never ruled on whether the enhancement specified in U.S.S.G. § 2G2.1(b)(2)(B) applies when the acts constituting violations of section 2241(b) are committed but the jurisdictional prerequisites for prosecution under that statute are not satisfied. There is at least a strong argument that the Guideline enhancement does apply. The guideline refers to "conduct described in" section 2241, not a "violation of" section 2241. "Conduct" seems to refer to the defendant's actions rather than to whether his actions occurred in circumstances that would give rise to federal jurisdiction; the purpose of the enhancement is to increase punishment for a category of particularly heinous acts. Whether those acts were committed in circumstances giving rise to federal legislative jurisdiction is irrelevant to the justification for increased punishment. To interpret the guideline the way Gilmore urges would substantially defeat its purpose. We make no ruling on the question.

statute as a consequence of the Supreme Court's decision, in *Booker*, to excise § 3553(b)(1), the parallel provision applicable to all other cases. Consistent with Gilmore's argument, this court observed in dictum in *Selioutsky,* 409 F.3d at 117 & n.6, that, as a consequence of the *Booker* ruling, section 3553(b)(2) should be deemed excised in its entirety, rather than "only the portion . . . that makes application of the relevant Guideline range compulsory (subject to departure authority)." *Id.* at 117 n.6.

Gilmore's argument fails, however, because even if section 3553(b)(2) is considered excised in its totality, the standards for departure originally set forth in that section are replicated in U.S.S.G. § 5K2.0, which like section 3553(b)(2)(A)(i) provides authority for upward departure in child crimes and sexual offenses "if . . . the court finds . . . that there exists an aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." U.S.S.G. §5K2.0(a)(1)(B). If it was error to refer to section 3553(b)(2) because it had been excised from the law by court ruling, the error was of no consequence, as it could have been cured simply by making reference instead to the virtually identical provision in U.S.S.G. § 5K2.0(a)(1)(B). The error, if it was error, consisted of nothing more than using the wrong label for the rule in question. It was harmless.

**IV. Substantive Reasonableness**

Finally, Gilmore contends that the sentence was procedurally and substantively unreasonable, primarily because of the asserted violation of the *Ex Post Facto* Clause, the court's failure to rule on his objections, its inappropriate reference to § 3553(b)(2), and the sentence's excessive length. For the reasons already explained, we reject the aspects of Gilmore's

contentions that relate to procedural unreasonableness. Nor are we persuaded by his claim that the sentence was substantively unreasonable. To be sure, the sentence is extremely severe. Nonetheless, the defendant's crime and its capacity to cause harm were also extremely severe. In consideration of all the reasons given by the district court, we cannot say the sentence exceeded the limits of reasonableness. We have considered the defendant's other arguments and do not find them persuasive.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the judgment of the district court.