12-4657-cr
United States v. Escobar-Gonzalez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of November, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

          -v-                                          12-4657-cr

JUAN CARLOS ESCOBAR GONZALEZ,

                  *Defendant-Appellan*t.

_____

Appearing for Appellant:     Colleen P. Cassidy, Of Counsel, Federal Defenders of New York, Inc., New York, N.Y.

Appearing for Appellee:     Alixandra E. Smith, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York, *on the brief*, Susan Corkery, Assistant United States Attorney, *of counsel*), Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Juan Carlos Escobar Gonzalez ("Escobar") appeals from a judgment of conviction entered after a jury trial on November 26, 2011, of one count of interstate transportation of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2423(a); one count of interstate travel to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b); and one count of alien smuggling within the United States for profit in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The district court sentenced Escobar to 188 months' imprisonment, five years of supervised release, and a special assessment of $100 on each count.

On appeal, Escobar asserts that there was insufficient evidence to convict him of Counts One and Two. Specifically, Escobar contends that the evidence only established that the purpose of the trip from Dallas to the tri-state area was to transport recently arrived aliens from Central America to their ultimate destinations, and thus, that there was no proof that the sexual conduct was anything other than incidental. Escobar also argues that because the district court did not resolve the issue of whether or not to consider the allegation of a second, uncharged rape from 2009, and did not indicate that it was refusing to consider it, the district violated Federal Rule of Criminal Procedure 32(i)(3) and his sentence should be vacated and the case remanded for resentencing. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

I.    **Sufficiency of the Evidence**

Drawing all inferences in the government's favor, as we must at this stage, *see United States v. Temple*, 447 F.3d 130, 136-37 (2d Cir. 2006), there is ample evidence from which a jury could conclude that the trip would have differed without Escobar's sexual motivations. While competing inferences *may* be drawn, the evidence presented at trial is such that a reasonable juror could have concluded that the interstate trip took place in the manner it did because of the sex motive, *see United States v. McGuire*, 627 F.3d 622, 625 (7th Cir. 2010), that is, Escobar decided to drop off people in a specific order with the intent to get then-seventeen year old Carolina Portillo alone with him, so that he could rape her prior to dropping her off. The evidence that he asked Portillo to sit in the front passenger seat next to him all the way from Texas further supports that he may have taken a specific interest in Portillo and wanted her close to him throughout the ride.

Further, the inference that Escobar went out of his way to get Portillo alone in his van, and traversed state lines to do so, is enough to distinguish this case from *United States v. Broxmeyer*, 616 F.3d 120, 128-29 (2d Cir. 2010). The evidence supports an inference that Portillo's location between May 5-6, 2008 was completely subject to Escobar's whims. She was dependent on Escobar and his van to get her to her uncle on Long Island, and a reasonable juror could conclude that Escobar had the intent to commit an unlawful sexual act against her, a minor, and that he crossed several state lines on May 5 through May 6, 2008 with that intent. That is, a reasonable juror could conclude that his intent to get Portillo alone, and far from her family, was more than incidental to his trip from Brooklyn to New Jersey, then Connecticut back to New Jersey, and only then to Long Island. *McGuire*, 627 F.3d at 625. As such, we affirm the jury verdict as to Counts One and Two.

## II.     Sentencing

Where, as here, defense counsel did not make an objection on Rule 32 grounds at the time of sentencing, we must apply a plain error standard of review. *See United States v. Wagner-Dano*, 679 F.3d 83, 91 (2d Cir. 2012).  Had Escobar objected at sentencing, we would review this sentencing decision under an abuse of discretion standard.  *United States v. Ahders*, 622 F.3d 115, 118 (2d Cir. 2010). However, under either standard of review, we conclude that Escobar has not met his burden of establishing entitlement to relief.

As an initial matter, Escobar cannot show that "the error affected [his] substantial rights," i.e., "affected the outcome of the district court proceedings," as required for plain error review. *See United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted). There is nothing in the record to support Escobar's contention that the district court considered evidence of the second sexual assault.  Indeed, the statement of reasons and the court's pronouncement at the sentencing hearing make no mention of the 2009 assault.  Rather, the district court specifically referenced Escobar's numerous illegal entries and deportations to and from the United States, and the fact that Escobar smuggled aliens into the United States, as showing "a disrespect for the law in this country." As such, Escobar cannot show that the district court's failure to "rule on the dispute or determine that a ruling in unnecessary," *see* Rule 32(i)(3)(B), either affected the outcome of the court's sentencing decision or affected the fairness, integrity or public reputation of the proceedings.  *Marcus*, 560 U.S. at 262.

Furthermore, even a review for abuse of discretion does not change the result.  It is undisputed that even if the district court had considered evidence of the sexual assault, it would not have affected Escobar's guidelines range, i.e., the same sentence could have been imposed whether or not the district court took the 2009 sexual assault into account.  As such, even if the court technically erred in failing to rule on disputed issues, any such error was harmless.  *See United States v. Gilmore*, 599 F.3d 160, 168 (2d Cir. 2010) (agreeing that the court's failure to rule on defendant's objection to the court's interpretation of the 2004 Sentencing Guidelines was "at least a technical error," but finding that "[i]t was clear in the circumstances that the court's terse acknowledgment of the objection was intended to communicate that 'a ruling [was] unnecessary . . . because the matter [would] not affect sentencing.' The court's failure to say so explicitly, as required by Rule 32(i), was harmless." (alterations in original) (quoting Fed. R. Crim. P. 32(i)(3)(B))). Accordingly, we deny Escobar's request for resentencing.

We have examined the remainder of Escobar's arguments and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3