23-7393-cr
*United States v. Alboushari*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand twenty-four.

Present:     ROBERT D. SACK,
             WILLIAM J. NARDINI,
             EUNICE C. LEE,
                  *Circuit Judges*,

―――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,
          *Appellee*,

          v.                                                          23-7393-cr

KHALID ALBOUSHARI,
AKA Sealed Defendant 1,
          *Defendant-Appellant*.

―――――――――――――――――――――――――――

For Defendant-Appellant:     ELENA FAST, The Fast Law Firm, P.C., New York, NY.

For Appellee:     JAMES G. LIGTENBERG (Olga I. Zverovich, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Jesse M. Furman, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 10, 2023, judgment of the district court is **AFFIRMED**.

Defendant-Appellant Khalid Alboushari appeals from a judgment of conviction entered on October 10, 2023, in the United States District Court for the Southern District of New York (Jesse M. Furman, *District Judge*) sentencing Alboushari to a 92-month prison term, one year of supervised release, and a $600 special assessment following his guilty plea on six counts of international parental kidnapping in violation of 18 U.S.C. § 1204(a). On appeal, Alboushari challenges his sentence as procedurally unreasonable on the ground that the district court improperly considered the duration of his offense while also failing to consider certain mitigating factors. Alboushari also contends that his sentence is substantively unreasonable. We disagree on all points and, therefore, affirm the judgment. We assume the parties' familiarity with the case.

"Our review of criminal sentences includes both procedural and substantive components and amounts to review for abuse of discretion." *United States v. McIntosh*, 753 F.3d 388, 393–94 (2d Cir. 2014).[1] "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." *United States v. Castillo*, 896 F.3d 141, 148 (2d Cir. 2018). We may find procedural error in circumstances "where, for instance, the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

without explanation." *McIntosh*, 753 F.3d at 394. This Court "presumes that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise," *United States v Rosa*, 957 F.3d 113, 118 (2d Cir. 2020), and "will not assume a failure of consideration simply because a district court fails to enumerate or discuss each § 3553(a) factor individually," *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008). Moreover, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge," *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012), and we find no error when the totality of the circumstances supports a district court's decision to place greater weight on a particular factor. *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc).

Here, Alboushari pled guilty to six counts of international parental kidnapping. This followed years of Alboushari's control, isolation, intimidation, and physical abuse of his then-wife and their seven children. When Alboushari's wife reported his abuse, he responded by kidnapping six of their children from New York to Sudan, where he kept the children for 46 months suffering unsanitary conditions, malnourishment, physical injury, deprivation of educational resources, and no meaningful contact with their mother—their custodial parent. After the children were returned to their mother and Alboushari was extradited to the United States, he entered a written plea agreement that calculated the applicable range of the United States Sentencing Guidelines under Section 2J1.2. The parties agreed on a Stipulated Guidelines Range of 21 to 27 months in prison, but they also agreed that "either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence" under 18 U.S.C. § 3553(a). The plea agreement further explained that the aggregate statutory maximum term of imprisonment was 18 years.

Prior to sentencing, Alboushari raised numerous objections to the Probation Department's Presentence Report and its description of his offense conduct. After conducting a hearing to resolve the disputed issues of fact, the district court found that Alboushari: (1) engaged in passport fraud based on "substantial, if not overwhelming" evidence, J. App'x 314–15; (2) lied in an affidavit submitted to the district court, *id.* at 315–16; and (3) "was extraordinarily controlling, . . . neglectful and abusive, both physically and psychological[ly], before and during the offense, that is, before he kidnapped the children and during the 46 months that he held them outside of the country," *id.* at 317. Thereafter, the district court adopted the Presentence Report's factual statements regarding the offense conduct, calculated Alboushari's Guidelines range to be 21 to 27 months of imprisonment, the same as the Stipulated Guidelines Range, and heard final arguments from both parties—including statements from Alboushari and his wife—concerning the proper sentence.

Alboushari's challenges on appeal are limited to what happened next during his sentencing. First is his contention that, in determining the appropriate sentence, the district court improperly considered the approximately four-year duration of Alboushari's kidnapping offense. Alboushari relies on 18 U.S.C. § 3553(b)(1) for the proposition that the duration of the time he kept the children outside of the United States is not a factor to be considered under Section 2J1.2 of the Sentencing Guidelines, and that the district court was consequently not permitted to rely on that fact to impose a sentence above the applicable Guidelines range. But Alboushari's argument overlooks the fact that "the Supreme Court in *United States v. Booker* invalidated 18 U.S.C. § 3553(b)(1), which commanded imposition of a sentence within the range dictated by the Guidelines unless the sentencing court found that a departure was warranted by circumstances not adequately taken into account by the Guidelines." *United States v. Gilmore*, 599 F.3d 160, 163

4

(2d Cir. 2010). Following *Booker,* a sentencing court is free to impose a sentence outside the applicable Guidelines range as appropriate in light of the factors laid out in Section 3553(a). That is precisely what the district court did here: in evaluating the Section 3553(a) factors, the court considered the duration of the kidnapping, a factor relevant to the nature and circumstances of the crime of conviction, before ultimately determining that a sentence longer than the advisory Guidelines range was warranted. *See* 18 U.S.C. § 3553(a)(1) (requiring the court to consider "the nature and circumstances of the offense" when "determining the sentence to be imposed").

Second, Alboushari submits that the sentencing judge failed to consider various mitigating factors before imposing his sentence. Because Alboushari did not raise this procedural issue before the district court, he must show plain error. *See United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013). Alboushari cannot establish plain error, as the record demonstrates that the district court carefully considered his mitigating arguments before deciding his sentence. During the sentencing hearing, the district court explained that it had read and considered the Presentence Report and the parties' sentencing papers, including all four of Alboushari's submissions, which included an extensive presentation of the mitigating factors at issue. The district court expressly discussed some of those mitigating factors at the time it imposed sentence, including Alboushari's lack of criminal history and the prison conditions into which he would be placed. The district court also made clear that it had considered each of the Section 3553(a) factors. *See United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007) (explaining the presumption that a sentencing judge considered the parties' arguments "is especially forceful when . . . the sentencing judge makes abundantly clear that [he] has read the relevant submissions and that [he] has considered the § 3553(a) factors").

5

Accordingly, we find Alboushari's challenge to the procedural reasonableness of his sentence to be unpersuasive.

Third, Alboushari challenges the substantive reasonableness of his 92-month sentence. This Court will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011). That a sentencing court does not weigh a given Section 3553(a) factor as heavily in a defendant's favor as he would have liked does not make a sentence substantively unreasonable; the "particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *Broxmeyer*, 699 F.3d at 289. Here, in imposing the sentence, the district court found as a factual matter that: Alboushari abused his wife and their children for many years; committed passport fraud and then kidnapped six of his children from their mother, keeping them separated for nearly four years; neglected and traumatized the kidnapped children during that time by depriving them of food, clothing, and education; harassed and threatened to kill his wife on numerous occasions; attempted to flee from Saudia Arabia into Yemen to avoid extradition; lied to the district court in a sworn affidavit; and would continue to pose a significant danger to his wife and their children following his release. In light of these circumstances, we are not persuaded by Alboushari's contention that a 92-month term of imprisonment represents an unreasonable sentence simply because it is over three times the higher end of the Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

We have considered Alboushari's remaining arguments and find them to be unpersuasive.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court